UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

DOUGLAS ROOT,

        Plaintiff,

-against-                                  Civ. No.

BACHAUS DEVELOPMENTS, LLC
and BACHAUS GOLF & DEVELOPMENT
NY LLC,

        Defendants.

--------------------------------------------------------X

## COMPLAINT

    Douglas Root by his attorney, Carlos J. Cuevas, Esq., for his Complaint against Defendants Bachaus Developments, LLC and Bachaus Golf & Development NY LLC respectfully represents:

## INTRODUCTION

1.     Plaintiff Douglass Root has commenced this civil action to set aside an intentional fraudulent conveyance between Defendants Bachaus Developments, LLC and Bachaus Golf & Development NY LLC and recover damages.

## PARTIES, JURISDICTION & VENUE

2.     Plaintiff Douglas Root has a business address at 2701 NW Boca Raton Blvd, Suite 207, Boca Raton, Florida 33431, and he is a resident of the State of Florida.

3.     Upon information and belief, Defendant Bachaus Developments, LLC has a business

1

address at 3003 West Prospect Avenue, Suite 103, Appelton, WI 54914.  Upon information and belief, Defendant Bachaus Developments, LLC is a Wisconsin limited liability company ('Defendant Bachaus Developments") .

4. Upon information and belief, Defendant Bachaus Golf & Development NY LLC has a business address at 390 North Broadway, Suite 200, Jericho, New York 11753.  Upon information and belief, Defendant Bachaus Golf & Development NY LLC is a New York limited liability company (" Defendant Bachaus Golf ").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

6. Personal jurisdiction is proper over the Defendants.

7. Defendant Bachaus Golf is a citizen of New York.  Upon information and belief, Defendant Bachaus Golf is the recipient of an intentional fraudulent conveyance from Defendant Bachaus Developments.  Many of the transactions underlying claims in this civil action occurred in New York.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial portion of the events given rise to the Plaintiff's claims occurred in this District.

**FACTS PERTINENT TO ALL CAUSES OF ACTION**

A. *The Root Judgment*

9. The Plaintiff commenced an action against Defendant Bachaus Developments and Donald K. Bachaus, *Root v. Bachaus Developments LLC*, Case No. :50 2008 CA 003909; Division: AH; Circuit Court of the 15th Judicial District; Palm Beach County, Florida (the "Florida Action").

10. On January 20, 2009, a Final Judgment in the amount of $271,144.56 was entered in the Florida Action (the "Judgment").

B. *The Bachaus Developments and Jeung Golf LLC Contract*

11. On or about October 16, 2006 Defendant Bachaus Developments entered into a contract with Jeung Golf LLC concerning construction work at the golf course known as the Middle Island Country Club (the "Contract").

12. The Contract amount is $2,500,000.00.

13. On or about October 17, 2012 Defendant Bachaus Developments assigned the Contract to Defendant Bachaus Golf (the "Assignment").

14. Under the Assignment, Defendant Bachaus Golf is entitled to all monies remaining to be paid under the Contract.

15. At the time the Contract was assigned Mr. Donald Bachaus was the President of Defendant Bachaus Developments.

16. At the time the Contract was assigned Mr. Donald Bachaus was the President of Defendant Bachaus Golf.

17. Upon information and belief, Mr. Donald Bachaus controls both Defendants.

18. Upon information and belief, the Assignment was effectuated for no consideration.

19. Upon information and belief, the Assignment was intentionally effectuated to delay, hinder or defraud Defendant Bachaus Developments' creditors.

C. *At the Time of the Assignment Defendant Bachaus Developments had Several Outstanding Unsatisfied Judgments*

20. At the time that the Assignment was executed Defendant Bachaus Developments had at

least ten judgments entered against it.

21. At the time that the Assignment was executed Defendant Bachaus Developments was several million dollars in debt to its creditors.

22. At the time that the Assignment was executed the Judgment was unsatisfied.

D. *Defendant Bachaus Golf is Seeking to Enforce the Assignment*

23. Defendant Bachaus Golf has commenced an action to compel Jeung Golf LLC to submit to arbitration, *Bachaus Golf & Development NY LLC v. Jeung Golf LLC*, Index No. 70500/2014, Supreme Court of the State of New York, County of Suffolk.

24. Defendant Bachaus Golf's basis for arbitration against Jeung Golf LLC is the Assignment of the Contract.

25. Defendant Bachaus Golf is attempting to enforce Defendant Bachaus Developments' contractual rights against Jeung Golf LLC and collect money that belongs to Defendant Bachaus Developments.

## COUNT I
(Declaratory Judgment-Intentional Fraudulent Conveyance)

26. The Plaintiff repeat each and every allegation contained in Paragraphs 1 through 25 of this Complaint.

27. The Assignment is null and void because it violates New York Debtor and Creditor Law Section 276.

28. By reason of the foregoing, the Plaintiff is entitled to a declaratory judgment against Defendants Bachaus Developments and Bachaus Golf that the Assignment violates New York Debtor and Creditor Law Section 276, and therefore, is null and void.

## COUNT II
(Intentional Fraudulent Conveyance)

29. The Plaintiff repeat each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30. The Assignment is null and void because it violates New York Debtor and Creditor Law Section 276.

31. By reason of the foregoing, the Plaintiff has been damaged by Defendant Bachaus Golf.

32. By reason of the foregoing, the Plaintiff entitled to a judgment against Defendant Bachaus Golf in an amount to be established at trial.

## COUNT III
(Aiding and Abetting Intentional Fraudulent Conveyance)

33. The Plaintiff repeat each and every allegation contained in Paragraphs 1 through 32 of this Complaint.

34. Defendant Bachaus Golf knew about Defendant Bachaus Developments' intentional fraudulent conveyance.  Mr. Donald Bachaus is the President of both Defendants.

35. Defendant Bachaus Golf rendered substantial assistance in the effectuation of the fraudulent conveyance by accepting the Assignment, and thereby, attempting to shield the claims that belong to Defendant Bachaus Developments against Jeung Golf LLC.

36. By reason of the foregoing, the Plaintiff has been damaged by Defendant Bachaus Golf.

37. By reason of the foregoing, the Plaintiff entitled to a judgment against Defendant Bachaus Golf in an amount to be established at trial.

## COUNT IV
(Unjust Enrichment)

38. The Plaintiff repeat each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

39. Permitting Defendant Bachaus Golf to retain the assignment of the claim of Defendant Bachaus Developments against Jeung Golf LLC will result in Defendant Bachaus Golf being unjustly enriched at the expense of the Plaintiff.

40. It is against equity and good conscience to permit Defendant Bachaus Golf to retain Defendant Bachaus Developments' claim against Jeung Golf LLC.

41. By reason of the foregoing, the Plaintiff has been damaged by Defendant Bachaus Golf.

42. By reason of the foregoing, the Plaintiff entitled to a judgment against Defendant Bachaus Golf in an amount to be established at trial.

## COUNT V
(Alter Ego)

43. The Plaintiff repeat each and every allegation contained in Paragraphs 1 through 42 of this Complaint.

44. Mr. Donald Bachaus is the President of both of the Defendants.

45. Upon information and belief, Mr. Donald Bachaus is the sole shareholder of both Defendants.

46. Upon information and belief, at the time of the Assignment Defendant Bachaus Developments was insolvent and was several millions of dollars in debt.

47. Upon information and belief, the Assignment was effectuated to delay, defraud and hinder the creditors of Defendant Bachaus Developments so that Mr. Donald Bachaus would be able to shelter the proceeds of any settlement or judgment.

48. Upon information and belief, Mr. Donald Bachaus exercised complete control and domination over the Defendants.

49. Upon information and belief, Mr. Donald Bachaus exercised complete control and domination over the Defendants to defraud the creditors of Defendant Bachaus Developments.

50. The Plaintiff has been injured by the fraud perpetrated by the Assignment.

51. By reason of the foregoing, the Plaintiff is entitled to a declaratory judgment declaring that Defendant Bachaus Golf is the alter ego of Defendant Bachaus Developments.

## COUNT VI
(Legal Fees)

52. The Plaintiff repeat each and every allegation contained in Paragraphs 1 through 51 of this Complaint.

53. Pursuant to New York Debtor and Creditor Law Section 276-a the Plaintiff is entitled to reasonable legal fees for the avoidance of an intentional fraudulent conveyance.

54. By reason of the foregoing, the Plaintiff entitled to a judgment for reasonable legal fees for the prosecution of this civil action against the Defendants Bachaus Developments and Bachaus Golf in an amount to be established at trial.

WHEREFORE, the Plaintiffs demands judgment against the Defendants as follows:

A) As to Count I, a declaratory judgment against Defendants Bachaus Developments and

Bachaus Golf that the Assignment violates New York Debtor and Creditor Law Section 276, and therefore, is null and void;

B) As to Count II, a judgment against Defendant Bachaus Golf in an amount to be established at trial;

C) As to Count III, a judgment against Defendant Bachaus Golf in an amount to be established at trial;

D) As to Count IV, a judgment against Defendant Bachaus Golf in an amount to be established at trial;

E) As to Count V, a declaratory judgment declaring that Defendant Bachaus Golf is the alter ego of Defendant Bachaus Developments.;

F) As to Count VI, a judgment for reasonable legal fees for the prosecution of this civil action against the Defendants Bachaus Developments and Bachaus Golf in an amount to be established at trial;

G) the costs of this civil action; and

H) such other and further relief as this Court deems just and equitable.

INTENTIONALLY LEFT BLANK

Dated: Yonkers, New York
       June 29, 2016

                      **CARLOS J. CUEVAS, ESQ.**
                      Attorney for Plaintiff
                      **MR. DOUGLAS ROOT**

                      By: /s/ Carlos J. Cuevas
                        Carlos J. Cuevas
                        1250 Central Park Avenue
                        Yonkers, New York 10704
                        Tel. No. 914.964.7060